# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Renee Woldt,

    Plaintiff,

Midland Credit Management, Inc.,

    Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Renee Woldt, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Renee Woldt ("Plaintiff"), is an adult individual residing in Windsor, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Credit Management, Inc. ("Midland"), is a California business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Midland Engages in Harassment and Abusive Tactics

10. Within the last year, Midland contacted the Plaintiff's parents in an attempt to contact Plaintiff.

11. Thereafter, Plaintiff returned Midland's call and requested it cease placing calls to her parents.

12. Despite having already been in contact with Plaintiff, Midland continued to place calls to Plaintiff's parents in an attempt to collect the Debt from Plaintiff.

13. Midland's actions caused Plaintiff a great deal of stress, anxiety, and humiliation.

### C. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692,** *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

18. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1. Against the named Defendant, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendant, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendant, jointly and severally, awarding Plaintiff recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Granting Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 20, 2019

      Respectfully submitted,

      By  */s/ Sergei Lemberg*

      Sergei Lemberg, Esq.
      CT Bar No.: 425027
      LEMBERG LAW LLC
      43 Danbury Road, 3rd Floor
      Wilton, CT 06897
      Telephone: (203) 653-2250
      Facsimile: (203) 653-3424
      E-mail: slemberg@lemberglaw.com
      *Attorneys for Plaintiff*

      Plaintiff:
      Renee Woldt
      2158 Montauk Lane #1
      Windsor, CO 80550